Good morning. May it please the court, Michael Tanaka, Deputy Federal Public Defender, presenting on behalf of Mr. Israel Leal-Felix. Mr. Leal-Felix was cited for driving without a license on November 17, 1998. Two days later, he was again cited for the same offense. Those two cases were consolidated for sentencing and received concurrent sentences. The issue before this court is whether those two sentences count as one sentence or they count as two. And that, in turn, is dependent on whether that citation counts as an intervening arrest under the guidelines. The answer is plainly no. In pretty much any context, the common understanding of an arrest does not include a citation. If you ask someone if they've been arrested after they've been, you know, most people who have not been hauled into custody, who have had a traffic citation, say, of course they have. Now, Judge Easterbrook for the Seventh Circuit came out the other way, right? That's correct, Your Honor, interpreting a slightly different version of the guideline he did. But if we were to agree with you, we would have, I mean, there's no principal way of distinguishing that case, right? It's a different guideline, but it's the same issue, right? There's no principal reason to resolve to take another case, right? At the core, they're the same issue. Certainly, the change in the guideline might, you could say, change its analysis somewhat,  and that is the change in the guideline took out the concept of relatedness, meaning that what it left in was the concept of just a separate incident separated by an arrest, which goes more towards a concept of deterrence rather than some concept of just punishment, that is that there are two related cases, so you should only count them as one. Here, the issue is whether or not there's some intervening event that would lead to some, that would have some deterrent impact. But that event would be an arrest, though. The intervening event in this case was an arrest, right? The intervening event in the guideline is an arrest. Right. But obviously the position... And that's what we're concerned with in this case, right? Well, that's the issue. Whether or not there was an intervening arrest. That's correct. And the argument, obviously, is that a mere citation is not an arrest. Do you think most people would feel free to leave while they were being cited? No. They're clearly detained, and they would not feel free to leave. Isn't that the classic definition of an arrest, whether or not the person being detained would feel free to leave? With respect, John, I think that's the classic definition of a detention, but not an arrest. An arrest, certainly the classic definition, and I go back to what I opened with, is that someone who is stopped and cited, whether they're in a car or for jaywalking or whatever, their experience will not be that they were arrested. No one would call that an arrest. Only in the most technical sense would that ever be called an arrest. Are you asking us to use the dictionary definition of arrest? Because arrest is not defined in the guidelines, and the Supreme Court cases have not given a clear definition of arrest. They've given multiple definitions of arrest that include what Judge Rawlinson was saying and include formal custodial arrest. So are we looking at the dictionary definition, or are you going to propose a definition? I would submit, Your Honor, that the definition we use is the plain meaning. The plain meaning of arrest is understood. And so we look at the dictionary definition, right, for plain meaning? Plain meaning or common understanding, sure. That would be one way of doing it, though. Why wouldn't it depend on the definition used in the jurisdiction where the incident occurred? Because what we're interpreting here is the guideline provision, which applies uniformly throughout all the federal jurisdictions, which cover at least 50 state jurisdictions. Well, the reason I ask that is that in some jurisdictions running, you know, jaywalking might be an arrestable offense for which you can be taken into full custody. And in another jurisdiction, the law might say, no, you can't arrest someone for that. You can just give them a ticket, and you have to let them go on their way. So I guess that's my concern, is that the same activity might have a different meaning in different jurisdictions. Is it your understanding? I'm sorry. It suggests to me that that's why we would want to use a uniform meaning and not defer to the patchwork of meanings that various states give them. Is it your understanding that the Seventh Circuit's Morgan case is the only circuit case that actually deals with this issue? That's the only case to my knowledge, Your Honor. Okay. And in that case, Judge Easterbrook seemed to rely a lot on Wren versus the United States. Did he not? Yes, Your Honor. Is there anywhere in Wren that the court actually said that a citation equals an arrest? No, that was clearly not an issue. The only loose reference that I take that Morgan was referring to was Wren's characterization of Robinson as a traffic arrest type, as the type we have here. Of course, Robinson was a full custodial arrest, so even that was a mischaracterization of that case. But with respect to the facts of Wren, that was not before the court. Wren spoke of a seizure, did it not, as opposed to an arrest? That's correct, Your Honor. And what's the difference? A seizure is, there's an entire body of law related to when a seizure ripens into an arrest. A seizure, as Judge Robinson pointed out, is when someone is detained and doesn't free to leave. But that doesn't necessarily mean it's an arrest. A Terry stop is a seizure, but it's not an arrest. Really, it sounds like what we have to wrestle with here is that we're dealing with the quantum of restraint involved, and it's kind of an elastic situation. Wouldn't you agree? In some sense, but more than the quantum of restraint, it's the impact of the encounter. That is, a citation, as the Supreme Court has noted, involves just a momentary, brief, non-adversarial encounter. Isn't that a factual issue? Burkhamer says there's a sliding scale. It could start as a citation, and then somehow it slides into custody, and so we have to do a case-by-case review looking at the totality of the circumstances, at least for Miranda purposes, whether it becomes custodial or not. So how do we deal with that? Would every one of these cases have to be reviewed for the totality of the circumstances as to whether a reasonable person would have thought he had the amount of restraint that was associated with a custodial arrest? Your Honor, generally that's going to be very clear. If someone is cited and then leaves, that will not be custodial. If someone is handcuffed, taken to the police station and fingerprinted, that would be custodial. So would you say any time someone is stopped for a citation and subsequently is not taken to the station, that would not be an arrest or custodial, even for purposes of Miranda? I don't know about for purposes of Miranda, but certainly for purposes of this case, I suggest that that's a very easy line to draw. Do you make a distinction between arrest and custodial for purposes of Miranda? In other words, could you be arrested when you're not in custody? I don't know the answer to that, Your Honor, for purposes of Miranda, to be honest. I suspect that, I mean, since Miranda requires some amount of custody, that's not possible. But like I said previously, the line here is between a custodial arrest and a citation, which I think is a very easy line to draw. Sorry. What about a search incident to an arrest? Are the police entitled to search upon giving a traffic citation? No, that's the very case. Knowles provides that. And as Judge Bennett pointed out, the first sentence in that case said, characterized the case as one involving a citation and not an arrest. So the Supreme Court in Knowles was very, at least used those words to make, I mean, recognized that there's a difference, a clear difference between a citation and an arrest. Can I ask you the following? Let's assume, over here, let's assume that I'm stopped for speeding and I'm given a $200 fine for speeding. So I was, you know, I was really speeding. Nothing anymore. Does the $200 fine count as a sentence? This guideline applies only to sentences, so I'm trying to figure out what counts as a sentence for various traffic violations. Does a $200 fine count as a sentence? No. What counts as a sentence? There has to at least be a sentence of probation that is over six months or 30 days. So probation meaning either jail time or probation of jail time? Yes. I see. So a fine is never a sentence for this purpose? That's correct. The guideline only counts sentences and a fine never counts. So for purpose of this guideline, we don't need to concern ourselves with ordinary traffic citations that result in, you know, speeding and jaywalking and so on. If the only thing that happens to me is a fine, this guideline never operates. That's correct. As I read the guideline, what it's really concerned with is recidivism and putting traffic to one side. It says, listen, if you do something, you get caught for it, you get arrested for it, and then you go do it again, we'll count those things as two sentences even though they may be charged in the same document, even though you may be sentenced on the same day. Those are separate sentences. If you were caught for the first one and then you did it again. Whereas if you do two or three crimes, you get caught once, then you move on to the second part of the guideline. Well, what happened here is he gets caught, let's say he gets stopped for something that's serious enough to merit imprisonment, in fact, he was imprisoned, he then gets caught again for doing exactly the same thing. So it sounds to me as though this fits within the underlying purpose of the guideline, that is, he's a recidivist, he was caught, for a crime punishable by imprisonment, indeed he was later imprisoned for it, and then he does it again. So why is this not an arrest within the sort of structure and purpose of the guidelines? I agree, Your Honor, that the purpose of the guideline is to identify someone who is likely to reoffend. And to that end, what this implements is some concept of deterrence. That is, if someone, and you said gets caught, but I suggest it has to be more than gets caught, there has to be some attendant serious consequence. Such as imprisonment? Such as custody. Which he got? Which he got. Well, later imprisonment. Later, but if he had been put in custody after his first citation, I suggest that that may have had a deterrent impact, and he might not have gotten the second citation. At least that's the principle that informs this guideline. That is, someone who reoffends after an arrest, and I suggest that arrest means a custodial arrest, because that makes a much greater impression than someone who is merely cited and goes on their merry way. Which happens to the majority of normal law-abiding citizens. And just as common sense would tell you, that that is much less likely to have an impact or deterrent effect on you than if you were, for the same offense, hauled off into custody, taken to jail, handcuffed. You would remember that, and that would make you less likely to commit a new offense. And if you did commit a new offense after that, then that suggests that you're in some ways not able to be rehabilitated, which is what this guideline is trying to predict. Does it make any difference that these were only two days apart, and we don't, in this record, we don't, I suppose you don't know whether it was a weekend or whether he could have gotten a license in between? It's interesting. I don't know that it has any legal significance. It suggests that he felt like he had to drive, and he had the misfortune of apparently not being a very good driver, so he just stopped driving. There's a reason he didn't have a license. Pardon? There may have been a reason why he didn't have a license. That's possible, Your Honor. Mr. Johnson, do we know if a citation could only be issued in the field? If the officers take the person into custody and the station has to decide, well, they're just going to issue a citation. I'm not totally familiar with California law. I suspect that there's nothing that stops that, and that would present a closer case on if he was taken into custody. They don't have to book him, right? Pardon? The police don't have to book somebody that they bring into the station. They can simply choose not to book for whatever reason and release him right there. Yes, that's true. They can decide not to press charges or they can decide they don't have enough space in the holding tank and release the citation. I'm sure that's possible. Certainly that's possible. That's probably closer to custodial arrest, and if that were the case, I'm not sure. What about somebody who is stopped on suspicion of drunk driving and fails or the police believe he fails a field sobriety test and then refuses a breathalyzer? This is sort of complex but not all that uncommon, and my understanding, at least in California, is that if that happens, the person has to be taken into custody, which means in handcuffs taken down to the jail to be administered a blood test if you select a blood test rather than a breathalyzer. Breathalyzers can be given in the field. Blood tests, because it's a medical procedure, has to be done in a hospital by a medically trained person. So the consequences are the person is then taken to the hospital in handcuffs. How would that play out? Would there be an arrest in here? It's looking to me like it's custody and arrest. He's taken in handcuffs. Is it a handcuff test? Is it the bracelets? Do they put the bracelets on you there and it's an arrest? It's all of the above. Or is it if you get transported from the scene, an arrest? Certainly transporting from the scene is generally a factor that weighs heavily in a custodial determination in the Miranda context, and I see no reason why that wouldn't possibly be determinative here. But, of course, that's not this case. We're talking about the easy case where it's clear that he was cited and there was no arrest, no custody, nothing more than just a traffic citation. Counsel, do citations in California contain a bail amount as part of the citation? I believe so, Your Honor. I haven't gotten one lately, but I think that's true. And so of what import is that, that bail is set? I don't believe it's of any import with respect to whether he's been arrested. Isn't that usually a component of an arrest, release on bail? That's true. Release on bail does go with a traditional arrest, but I think that that doesn't change that there was no custody, which is what I submit is determinative here, is an arrest equals custody. Although bail in those circumstances is sort of a misnomer. It's called bail, but what it really is is that's the fine. Well, but if you don't pay it, then you go to jail. So it's not the fine in the classic sense. It's a guarantee that you are going to appear in court or not. You choose not to contest and forfeit the bail, but you're actually paying a fine. Do you make anything out of the fact that in the first part of the guideline, when they're talking about sentences, and then it jumps to whether there's an intervening arrest, and then when you go to the subsection C1, it talks about certain kinds of sentences, which includes driving with a suspended license. Do you think from a statutory or an interpretive point of view that you should make any connection then between the arrest portion of the initial part of the guideline and the fact that the sentence portion talks specifically about suspended license? I don't believe so, Your Honor. I think the notion in the second part is that certain types of offenses are right on the edge of whether we consider them serious enough to count in criminal history. This is right on the edge, whereas the intervening arrest language sort of goes more towards the concept of insurance and recidivism irrespective of the seriousness of offense. That language applies equally to serious offenses as it does to less serious offenses. Counselor, I'm going to seize a little bit of where Judge Ikuda was going. I was trying to determine what arrest meant, and as I understand it, the arrest is not defined in the guidelines, and we're left to deal with arrest. So I went to Black's Law Dictionary, and when I went to Black's Law Dictionary, it suggests that arrest is, number one, a seizure or forcible restraint, and number two, the taking or keeping of a person in custody. Are you suggesting I ignore number one and use number two? That's just what I'm saying. Are you then suggesting that this is a statutory interpretation question, that we should make that decision? It's a guideline interpretation question where you absolutely have to decide what arrest means. That legal dictionary contains a definition, a technical definition that is not used by pretty much anyone else. So you're suggesting that we then go to the regular dictionary? The regular dictionary or even the sense that... What does the regular dictionary suggest? When I looked at the regular dictionary, it said to seize a person by legal authority or warrant and then take into custody. That's right. That's what I have to... I don't know that we got the same dictionary, Judge, but it said the same thing. I think before we go to the dictionary, what we have to do is step back and what does the word mean? How do people use the word? Some words you don't need to go to the dictionary for. You can just say, this is what an arrest is. What do I understand in a regular dictionary? Are you saying it's a man on the street interpretation and a person on the street? It's a common understanding. It's a plain meaning. We don't have to resort to secondary sources. The meaning is clear. Do I go to my precedent? I mean, there was a precedential definition as well, which would be more what you would seem to go for. I guess I'm... I mean, the bottom line is I'm supposed to be interpreting here that common meaning of the man, I guess I'm arrested a lot more than anyone else when I'm stopped because if anybody, the police, stopped me, I wouldn't dare to leave until I got to be a judge. Now I know the law, I can just say, It's a truck of yours. My truck. My background includes being arrested 10, 15 times. Oh, it does? No one would consider that an arrest. If the meaning is plain, then you don't need to resort to... I guess if you asked the audience here how many have gotten a ticket, you'd have a number of people raise their hands. And if you ask the audience who's gotten arrested, you'd probably have a lot fewer hands there, right? I suspect you're right. That's what you're trying to say. The problem with dictionary definitions, of course, is they have to cover the waterfront. And you know that arrest applies to ships, too. And it does. I mean, there's a procedure in maritime law about arresting a ship. Now, you don't put handcuffs on it, you don't take it and put it behind bars, so a dictionary, of course, would have to cover that definition of arrest as well. Cardiac arrest. Arrest and development. And my last question in this regard, do I, in this situation, give the defendant the benefit of the doubt on the guideline? That was my last point that I wanted to make before I sat down, is that to the extent that there is a dispute, and I suggest there isn't any realistic dispute here. Well, we wouldn't be here if there weren't a dispute. I guess you're right. Do you want to save the five minutes or so you've got left for rebuttal? Yes, but the rule of lenity would. Unless you have more questions. Mr. Rafael. Thank you, Your Honor. Michael Rafael on behalf of the United States. Your Honor, in this case the question is what arrest means in this context, what the Sentencing Commission intended it to mean in this particular guideline. Judge Fletcher identified the underlying purpose of this particular guideline, which is to identify a greater propensity for recidivism. A defendant who has been confronted by law enforcement with his wrongdoing and after that confrontation re-offends has shown a greater The word in this guideline is not confront. The word is arrest. Yes, Your Honor, but the underlying purpose is if a defendant has been confronted by law enforcement, then he re-offends. He's shown less respect for the law, maybe an inability to restrain his own conduct. It's worse than the other situation. The commission distinguishes sort of a crime spree where a defendant does, you know, serial offenses without being caught. And that's the underlying purpose. Justice Sotomayor, if you were filling out, let's say, a security clearance form that asked you to list convictions and arrests, do you think that a person would be committing perjury or some other serious offense by not listing traffic citations that got fines only? No. If we tried to prosecute someone for that sort of false statement, the courts should throw that out as, you know, not sufficient. The question is, in this context, what the commission intended. And one should not, in that context, ask the man on the street what arrest means. One should look at the structure and purpose of the guideline. Mr. Rothfeld, can we rely on what the Supreme Court says? You can, but the Supreme Court hasn't decided this particular point. Well, they haven't, but they've certainly defined definitions between an arrest and someone being cited, have they not? That has been used in a couple different ways. For example, in the Berkmer case, the court said, state laws governing when a motorist detained pursuant to a traffic stop may or may not be issued a citation instead of taken into custody very significantly, but no state requires that a detained motorist be arrested. Do you think they didn't know what they were talking about? No. In that context, which is Miranda warnings, they did make that distinction, and they also used the term throughout that opinion of formal arrest. The place where you ---- How about in Knowles v. Iowa? They used the term, I think, custody arrest or full custody arrest, which ---- They said that the police officer stopped Petitioner Knowles for speeding but issued him a citation rather than arresting him. Was that a Miranda warning? Well, that was a search incident to arrest a case, Your Honor, and the court is coming at it from a Fourth Amendment context, not from sort of the platonic definition of arrest and saying what is a search incident to arrest. The court is looking at the Fourth Amendment interests and determining where it is proper to search. So that's, from the government's perspective, that is the line of demarcation. If it's incident to the Fourth Amendment, we don't care what the Supreme Court says about whether someone is arrested or they're given a citation. Your Honor, my position, which is the same as Judge Phillips had here when the defendant cited Berkmer to her, she said you're giving me cases, I paraphrase, you're giving me cases from another context, from the Fourth Amendment context. She rejected their intervening arrest argument because she said that's another context. So that, in the Terry stop context, Your Honor, this Court doesn't use the Supreme Court's definition. The Court looks, this Court looks at whether the detention went further than a Terry stop, and a Terry stop was an unreasonable suspicion. The police, of course, have to release the defendant immediately once they've done their investigation. And if you hold them a little bit longer, maybe put them in the back of the squad car, that's enough for a Terry stop. So where do we look for a definition? Because the guidelines don't provide one. So what is the source, and how do we know that that's the right source? Well, there's, I agree with, you know, Judge Bennett's dissent here in the section where he talks about arrest having chameleon-like qualities and there being a lot of different definitions. I like the dictionary definitions that Judge Smith and Judge Ikuda referred to. That's one to use. But because there's all these possible definitions, one needs to look at the purpose of the statute, the need for uniformity, the way to, that this works in practice and determine what did the commission. If there are numerous potentially applicable definitions, all of which have some decent sense behind them, why wouldn't the rule of lenity apply if the guidelines themselves haven't given us a hint? Because the rule of lenity, it's not an abstract question. The rule of lenity would apply if someone just threw this court the word arrest and said what this means. But this is in a particular context, and there the law is the court, this court has to grab every possible interpretive tool, including purpose and structure and that sort of thing, and exhaust those. And if after that it's left with nothing more than a guess, as the Muscarella Supreme Court case said, then you apply the rule of lenity. So what's the definition then? The definition then, for this purpose, would be a defendant who's You're writing the opinion and we're going to define the purposes of the guideline what arrest means. I like the one in Judge Bennett's opinion that arrest occurs when a public officer acting under legal authority detains an individual to answer for a criminal offense or the one to seize a person by legal authority or warrant. Just the seizure, either of those, because of the arrest What if he gets stopped for a sobriety check? A sobriety checkpoint? I think that's a terry stop, Your Honor. It's not probable cause in connection with a specific charge. The specific charge is important here because That's not an arrest. That's your answer? Yes, a terry stop. So you come up to the point and the officer looks in the window. It's happened to you, I'm sure. It's happened to me. Yes. And they look in the window and say, have you been drinking? And you say, I had a beer with dinner. Not you. And at that point, if I understand correctly, what happens next is he says, pull over and step out of the car and touch your nose and I'm going to hide this flashlight in your eyes and follow the flashlight with your eyes and stand on one foot and count backwards from 99, right? Right. Or so I'm told. Right? That's what happens. Now, if during that, any time at that point you say, I don't feel like it, officer. I think I would rather go home. Can you do that? I think no because that is, I believe It would be a bad idea. It would be a bad idea. To try. You would not advise. You would advise a person. You would not say, hey, make a run for it. I certainly would not. And even politely declining would not be advised. It would not be something that, oh, I don't really feel like playing this game with you. I'd just soon do something else. In that or any Terry stop context, as long as you're within the bounds of a Terry stop. You call it a Terry stop as if that's sort of a magic term, but the fact is they can keep you there for a fairly long time while they figure out whether or not, and if they say, oh, we're not satisfied with the way you walk the line, or they have a series of tests they give you, they can say, okay, now, are you willing to take a breathalyzer? And you say, well, let me think about it, right, because you want to give yourself lots of time to breathe and think about it. And during that time you can't leave, right? That's right. Now, as you rolled up to there and the police stopped you, you are no different from anybody else. You just happen to have the bad fortune to, and this happens more often at holiday time. It's a holiday evening or something, and they will put up roadblocks. Now, there's no suspicion at all. You're just a guy driving a car. And at that point you're saying to an entire procedure, and either you're not under arrest or you are under arrest, or when they finally let you go and you're sitting there having a beer with your wife or something, do you then say, hey, what happened to me? I was under arrest? There is a point in that scenario where the officers have exceeded their authority because they've kept you too long. This circuit's testing that question. But nothing I have said, I mean, of course they've exceeded their authority at that point. I'm saying they just go through the normal procedure, and the normal procedure takes some time and can take something upwards of 15 or 20 or 25 minutes, depending on how cooperative you are. Let's say they do a check of your driver's license and the computers are down or there's lots of traffic because it's one of those evenings when the airwaves, you know, whatever they do to check the computers, there are lots of calls coming in and it takes them a while to get back a warrant check on you. They keep you there and you can't leave, right? That's correct. Okay. Are you under arrest under your view? And then eventually after all the dust clears, all of that is done, and they say, thank you very much, sir, you may leave. If it, I mean, the answer basically is no, you're not under arrest. There is a point where. Well, but that certainly fits within the definition that my colleagues have read, right? Definition number one. But I don't think that there's any. Does it or does it not? You have been stopped by a police officer. You are not free to leave. You are within his power and you will stay there until he releases you. And it is an appreciable amount of time. It's not just enough to pat you down or anything like that. We're not talking about the chunk of your life upwards of 15, somewhere between 15 minutes and half an hour. Now, you know, I'm sure this, something like this hasn't happened to you, but you probably have friends to whom this has happened, so you know what I'm saying is realistically true. Yes, but you're under this court's case law. It's not an arrest so long as it's within the Terry's power. But you have to concede that we can't really go by the dictionary definition that you relied on, because if we did, that would include this situation as well. If we include the full dictionary. My point is that among the possible definitions of arrest and the dictionary definitions are the one that I'm asking the court to apply here, which is in connection with a particular charge. Well, but Mr. Tanaka's is also in there. So what's so good about yours as opposed to his? Because you have to pick what makes sense in this context. Okay, if it makes sense, you are out ahead of me. I'll wait if you want. If it makes sense, how do I then read Douglas v. Booter? Because Douglas v. Booter says, this is the Supreme Court talking, even if it were clear that respondent had declared Missouri law to be that a traffic citation is the equivalent of an arrest, we would have to conclude that under the rationale of Bowie v. Columbia, the unforeseen application of that interpretation in this case before us deprived the petitioner of due process. And what context was that in, Your Honor? On the context that the Missouri court or the Missouri statute, and Missouri, if you will, people in your particular situation, want to make traffic citation an arrest. Well, I think, for example, if the context is the sort of lying on a form context, then one cannot hold someone responsible for an unforeseen arrest. Well, so you want me to look at, I mean, in this particular situation, the fact that they wanted to make this citation the equivalent of an arrest was the only way they could get to where they wanted to go. And the Supreme Court said, it's a 1973 case, I'm probably old enough to know about that and others aren't, but 1973 case, it seemed pretty much on point. Well, I think that this context is what's important and the purpose of getting at recidivism here is what the court should be looking at first. The second thing the court should be looking at... Okay, and if that's really what we ought to be going at, then I guess I want to look at comment three of the guidelines. Because it seems to me that comment three of the present guidelines, the upward departure provision, allows someone who couldn't have his sentence counted to then allow the judge to upward depart because of the fact that the sentence could not count. In other words, seeming to be exactly what would apply in this situation because there wasn't an arrest. Because it says, counting multiple prior sentences as a single sentence may result in a score that under-represents the seriousness. If I'm going to count these all the same, just because there's a citation, I wouldn't even need an upward departure. Your Honor, that note three, the Commission's problem with the intervening arrest test from the beginning has been that it might under-count the defendant's criminal history. For example, if the defendant engaged in a spree of bank robberies where there was no arrest, and then those are consolidated together... Well, that's not exactly what this says. It says, for example, if a defendant were convicted of a number of serious non-violent offenses committed on different occasions. And as I read the guideline, this is a particular sentence that would get a count normally, but in this particular case would not get a count. So it's serious but non-violent, and therefore we would upward depart if we thought it was necessary. But if we count it, there's no reason for any upward departure. Well, I believe that guideline is meant for situations where the multiple... where there is no intervening arrest, and this doesn't sort of answer the question... Well, it is meant for when there wasn't any intervening arrest, just like this one, just a citation. Well, what's most important for the departure in variance context judgments, I think, is 4A1.3, which authorizes both upward and downward departures for overstatement or understatement of criminal history. And note, either 2 or 3 of that guideline provides a specific example of a downward variance departure where the defendant has two misdemeanors that he gets criminal history points for and... Well, this really talks of upward departure provisions, so... Yes, again, my view is that that's meant for a series of offenses where the commission's concerned that the intervening arrest test, because there is no intervening arrest, counting them all as one will understate the criminal history. Can I go back to your definition of arrest? I'm just trying to understand what it is. Does it have a temporal component? It has a temporal component because it has to be intervening. It has to be after the first of the two offenses. Correct. I'm asking the word arrest. It comes from the word intervening in this context. Well, there has to be an intervening arrest, but does the fact of whether something is an arrest, does it matter how long the person was stopped for? In this context, I don't think it matters. So let me ask you this. Would it be accurate, if I were to adopt your view, that the statute or the guideline would read separated by an intervening police stop? Would that be accurate in your view? I don't... I think that that's a little too broad because I think that that would create the problem that Judge Kosinski's questioning was getting at. That would seem to indicate the commission wants to count the Terry stop type context where there's not probable cause on a particular charge. I mean, here, the point is there's a particular charge. The defendant has been caught face to face, sort of given a timeout, and he reoffended. The defendant gets multiple... You keep going to this purpose, but the difficulty is that that's not how the guideline is written. So that's why I'm concerned about the rule of lenity. But to get there, I need to know what does arrest mean. And I haven't quite gotten... or I don't think I quite understand from you what your definition of arrest is. Maybe you could just tell us again so I can make sure we're on the same page of what you're saying. A detention, however brief, based on probable cause for a particular charge. You've talked a bit about... So let me get back. So it has to be not a reasonable suspicion taking out the Terry situation. It has to be probable cause. Right.  but morphs or matures into the ability to issue any kind of criminal or even in some cases these are civil infraction notices, then that is probable cause in your view. Yes, because the defendant is being confronted with the particular charge, and that should be what matters here. By the way, traffic infractions in general don't count under the guidelines. Speeding example under 4A1.2C. This one's a misdemeanor here, and it's the commission's policy judgment. They exclude in normal traffic, although they include leaving the scene of an accident and things that are more egregious. And a defendant does get multiple points. This defendant has other driving with suspended license convictions that he got points for, they just weren't consolidated for sentencing so they're not at issue here. So a defendant can rack up a lot of points for this particular offense, and then, and Judge Phillips again hit the nail on the head with this, after rejecting the defendant's intervening arrest argument, she said, if your points were only accumulated based on traffic, on this sort of driving with suspended license violation, well, then I wouldn't be so concerned with your criminal history. I think she was indicating that she might vary downward, but then she said, but you have, you know, drug offense, gun offense, burglary, so, you know, I'm concerned, I'm going to give you the 21-month sentence this morning. And that's the way this should be regulated. There's sort of no perfect way to distinguish which cases should count together and which should not. For every purpose, one has to look to the variance and departure provisions and allow both the defendant and the government to argue, well, in this particular case, the criminal history category is overstated. Counsel, we know about this history because it was in the probation report. Is that right? Yes, it's in the PSI. And how does, what kind of information goes into the probation report? I take it they don't, wouldn't know about a Terry stop, but would you? Yeah, wouldn't. And one problem here, the manageability of this is, if the court were to buy the defendant's argument here, there is a manageability problem, which is that counsel would have to go, you know, in any of these situations where there's consolidated cases, any misdemeanor, not just driving with a suspended license, any misdemeanor in California, for example, there's authority to do a cite and release, you know, counsel would then go and try to research what happened and the court would have to make a decision as to whether there was an arrest or not. Here, if you look around paragraph 25 of the presence report, there's another driving with suspended license where this defendant was put in the back of a squad car for a while because they were investigating whether the car was stolen. It was missing license plates. That, you know, probably would be an arrest by, you know, I think the defendant's definition. I doubt it. That wouldn't necessarily be an arrest. In fact, we see cases like that where there's arguments that people have been arrested and the police say, no, we're continuing our investigation. You're not fully arrested yet. We haven't told you that you're not going to be free to go, but we ask you to sit back here for security reasons. You know, or you detain people behind a car because you're worried about security. We often say that's not an arrest, but I think your point is that you would be looking into individual circumstances in everything that's a citation. Sure. Well, I think it's got, even by the defendant's definition, it's got to be an arrest, I think, if the defendant is brought in for booking, which can be done in any misdemeanor, you know, and then released. And my sort of policy point is there's no, you know, the difference that what should be driving this is defendants being confronted with his lawbreaking. And the uniformity point I want to make is it makes no sense to kind of distinguish one defendant from another based on how the officer exercised his or her discretion, what the law is in the particular county or city or state. Once one has decided to treat, certainly, you know, full custody arrests as arrests. You know, you've used the word confront again, so let me give you a hypothetical that uses confront without citation. He stopped for driving without a license. Stop. Discovers he doesn't have a license. The officer says, you know, you're driving without a license and you shouldn't do this. Does not issue him a citation, but he does stop him and then later issues him the citation. Was that an arrest when he stopped him and said, you know, you're driving without a license, but I'm not going to cite you right now? Was that an arrest? He confronted him.  But he didn't cite him. I think I would say no because I would agree that if the defendant sort of, you know, issued a complaint or a summons where he's not present, that that doesn't count as an arrest. Well, he issued him the citation. It's a small town. On day one, he stops him, discovers he's driving without a license, and he says, listen, this is a real problem. I'm not going to cite you, but don't do it. Two days later, catches him again driving without a license and he says, okay, I'm citing you for both of them now, and he writes out two separate citations. Was that first one an arrest? He did confront him. He told him exactly what he'd done wrong. He said, I'm not writing you a citation at this time. I think no because I think that fits into the crime spree type reasoning of the guidelines because there isn't actually a charge yet. It would appear in the PSR as sort of, you know, on the latter date and there not being sort of an earlier date. So you then are not going to stand on your use of the word confront because you clearly was confronted the first time. You want something to confront plus, confront plus citation. Once there is an actual charge and it's there in the PSR as on a particular date, then the underlying policy rationale to determine how broadly one should look at arrest should depend on, you know, the defendant has been confronted. In that situation, whichever way your hypothetical comes out, there could be a variance argument based on the underlying reasons for it. If it doesn't count as intervening arrest, we would argue perhaps for an upward variance. I'm not interested in the upward variance. I'm interested in this particular guideline, whether that first stop where he confronts him, says you're driving without a license, I'm not citing you now, whether that's an arrest. And your answer is no, even if he cited later. I'm answering no because there is no charge at that time. I have a question about Morgan. I have a question about Morgan. You remember Judge Easterbrook's opinion on Morgan? Yes, absolutely. Do you have it? I have it at my… I'll read you a quote where he says, he says a traffic stop is an arrest in federal parlance, which is strong. I mean, it was basically sort of a pivotal statement of opinion. But he then cites Wren. Right. And he doesn't give a pin site. What in Wren do you think supports his statement? I think it's where Wren says that the temporary detention… Do you have a page? Yes, 809. I looked at 809, and 809 is… It's about seizure of persons. It's highly unhelpful. Well… It actually says the opposite thing. Not exactly. It says that a temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a seizure of persons within the meaning of the Fourth Amendment. So I think that if it is a seizure of persons within the Fourth Amendment because a person is detained and isn't able to leave, it's not a stretch to put… Well, what Judge Easterbrook is saying, and Morgan says, in federal parlance… I mean, he says in federal parlance. This is sort of how the word arrest is used in federal parlance. And then he cites something, an opinion that, as best I can tell, never uses the word arrest. I… Maybe it uses it somewhere else, but certainly it doesn't use it there. I am not making the argument that… And are you saying that seizure and arrest are the same thing? I'm saying that seizure helps inform that it is reasonable to interpret arrest in the situation where there's a seizure. I actually do disagree with that statement, the broad statement by Judge Easterbrook, that in federal parlance, for all purposes, arrest includes this situation. So I do disagree with that. For this purpose, what the commission intended in this… It's not the result, but the sort of pivotal rationale you disagree with. Well, I don't think that's the pivotal rationale. I don't think there's anything else in the opinion. I mean, I looked at his fairly brief opinion, and that's really all he says. He cites that, and he cites Childs, which is his own… It's another second opinion also by Judge Easterbrook. Is there anything wrong with that? Is there anything wrong with that? Nothing at all. I'm not just fearing, you know, hey, he's been around longer than some of us here. So he's written a lot of… So I don't have any problem with it, but even Childs is not entirely on point, but Wren doesn't help at all, right? Well, I think it does help. Because we're bound by Wren, if it really says something to it. We're not bound by the Southern Circuit. Well, my view is that the statement in Wren that there is a Fourth Amendment seizure in this context does help because it helps inform that arrest is a reasonable… Well, all arrests are seizures, but not all seizures are arrests. You have to… I think that's your position. I mean, this is the discussion you and I had and the discussion you had with some of my colleagues. You said, oh, well, if they just sort of stop you to check you out, it's a seizure because you're not free to go, but it's not an arrest. Right. So the universe of seizures is broader than the universe of arrests. In fact, if you're doing Venn diagrams, arrests would be completely encompassed by seizure, right? There's no part of arrests that is not also a seizure. I think that's right. So Wren doesn't… I'm not saying that Wren helps. It doesn't settle the issue where… Well, it doesn't help because you are – we are interested in the dividing line between arrest and seizure. So on that point, Wren helps not at all. It wasn't a seizure at all. If Wren said the other thing, if Wren said there is no seizure during a traffic stop, then that would really hurt me. Because Wren said that there is a seizure, I think it helps. Right. So the most you can say about Wren is it doesn't hurt you. It helps a bit. Okay. It helps. It doesn't settle everything. What settles everything is the purpose, the need for uniformity, not based on… You know, I'm not going to accept that. How does it help even a little bit? It helps. How does it help? Since we know that all arrests are seizures, right? Yes. So how does Wren help define the dividing line? And if you are a seizure but not an arrest, you lose. Then how does it help police the dividing line between arrests and seizures? I think having that necessary condition, a seizure for an arrest, helps because then it can be an arrest. It doesn't settle the issue as to whether it's an arrest, but it helps because the Supreme Court said there is a seizure. My time is up. I want to make one more point related to Morgan, if I could. Sure. Do it as quickly as I can. Morgan was decided in 2003. Sentencing Commission, as the Court knows from its comments, from its Appendix C commentary on the guidance, has been reviewing criminal history closely, has changed this particular guideline and, you know, elevated the intervening arrest requirement. The Commission watches case law closely. When we know, you know, it has… Morgan is cited in secondary sources, like the Federal Sentencing Report. The Commission has not chosen to do anything to say that Morgan was decided wrong. When you're looking at what the Commission intended by arrest, the fact that Morgan exists and the Commission has not acted in any way to say that that's wrong, to change its guidelines or its commentary, should be a factor this Court considers and not split from the Seventh Circuit and say that the Seventh Circuit decided it wrong and the Commission meant something else. Thank you. Mr. Tanaka, I think you have about five minutes left, if you wish to take it. I think I'll just address that last point made by Mr. Rafel, and that is that's an awful lot of weight to put on inaction in this context, and I don't think it bears that. There's no indication at all that the Sentencing Commission knows about Morgan or chooses to do anything about a stray Seventh Circuit decision out there. Second, the Commission did change the guideline, as I noted initially, to take out the relatedness aspect of this section, and Morgan does talk about the relatedness aspect as part of its rationale. So from that standpoint, maybe they did address some or at least they undercut the Morgan rationale. May I just ask one question? Sure. Do the guidelines use the word arrest in any other guidelines? I think I indicated in the 28-J letter that they use the word arrest in the ‑‑ it's in a number of guidelines, but the closest one where it could be used, you could gather that there was some difference between an arrest and a citation or detention, is the one that I cited, which said that if you impersonate someone for the purpose of arrest, detention, or something else, then you increase the offense level. So they separated arrest and detention in that context. There's also a provision in the upward departure guideline that said that you can't upwardly depart based on someone's prior arrest record, which, although doesn't distinguish between the two, suggests that they're using it in the most natural context, and as the government pointed out that no one would expect that you would cite, you would list a traffic citation as part of your prior arrest record. So in the only areas where the term is used that shed any light at all, I think it tends toward Mr. Leal-Felix's interpretation. Mr. Duncan, if we would agree with your position, is there any way Mr. Leal-Felix would benefit from such a rule? He was released in October. He was given the maximum three years of supervised release, so he still has over two and a half more years to go. On supervised release? On supervised release. But on a resentencing, could the judge take that into account? Yes, this court's case law says that a sentencing issue isn't moot because if you vacate the sentence and order resentencing, he can take that into account and take it off the term of supervised release. One other question that Judge Schroeder raised. If you look at simply the probation officer's report, the initial report, there's no mention in the listing of the prior conviction of the citation. That only appears when the probation officer submits a response to objections to the PSR. Is that a problem, like Mr. Raphael says, to do that for defense counsel? How is it that defense counsel is able to identify this? Or somebody is able to identify these particular convictions as having been derived from a citation? There are two other driving on a suspended license conviction law that are not treated as citations. They well could have arisen from citations, but since they receive separate sentences, it's sort of immaterial. In this case, there are a couple of things. One, just the proximity strongly suggests that he was in custody. And second, defense counsel, I assume, spoke with his client about it and was able to represent him. The probation officer mentioned the copy of the citation of the arrest. I'm just curious. These are oddly old. Yeah, and they didn't have any documentation. And I think the probation officer used the term, I request the arrest report. That's probably a really loose use of the term because there is no, I suspect, no arrest report because there was a citation. I requested the arrest report, but none was provided. Right. Because it doesn't exist, because it was a citation. Thank you. Okay. Anything further? Nothing further, Your Honor. Thank you, counsel. The case is now U.S. 10 submitted. Thank you. Thank you, Your Honor. All rise.
judges: Kozinski, Schroeder, Graber, McKeown, Ikuta, Nr Smith, Cjj